# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armin Fathi Jahromi,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Eric Rokosky,<br><br>　　　　　Respondent. | No. CV-26-03304-PHX-JJT (JFM)<br><br>**ORDER** |

Before the Court is the Report and Recommendation (Doc. 11, "R&R") entered in this matter July 2, 2026 by United States Magistrate Judge James F. Metcalf, recommending the Court deny the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). In the R&R, Judge Metcalf warned the parties they "shall have fourteen (14) days from the date of service of a copy of this [R&R] within which to file specific written objections with the Court," and "failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F 3rd 1143, 1146-47 ( 9th Cir. 2007)." The Court mailed a copy of the R&R to Petitioner on the day it was entered, July 2. More than a month has elapsed and Petitioner has filed no objections to the R&R, timely or otherwise. The Court is thus empowered to waive *de novo* consideration of the issues per *Reyna-*

*Tapia*. It nonetheless conducted a review of the issues on their merits, and in so doing, concludes Judge Metcalf's analysis and conclusions are sound under the applicable law.

Upon arrival and prompt apprehension, Petitioner was correctly classified and detained under 8 U.S.C. § 1225(b) rather than Section 1226. As Judge Metcalf correctly points out, Petitioner is thus not eligible for a bond hearing or release under the reasoning *Echevarria v. Bondi*, 2025 WL 2821282 (D. Arizona 2025), which this Court has followed where applicable. And because Petitioner's subsequent order of removal is on appeal to the Ninth Circuit and is therefore not final, he is not eligible for a bond hearing or release under *Zadvydas v. Davis,* 533 U.S. 678, 688 (2001)—indeed, the clock for the 180-day period that *Zadvydas* finds is a presumptively reasonable period of detention has not even begun to run yet, and will not begin until and unless Petitioner's removal order becomes final. Finally, the Court agrees with Judge Metcalf's reasoning on pages 6-9 of the R&R, which it will not repeat here, that Petitioner's arguably remaining prolonged detention claim fails. The Court will adopt the R&R and deny the Petition without prejudice. If Petitioner's removal order becomes final and thereafter Respondents are unable to remove him to any country within the presumptively reasonable period, he may file a new petition for relief at that time.

**IT IS ORDERED** adopting the R&R in this matter (Doc. 11.)

**IT IS FURTHER ORDERED** denying the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) without prejudice. The Clerk of Court shall terminate this matter.

Dated this 5th day of August, 2026.

Honorable John J. Tuchi
United States District Judge

- 2 -